IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN STARLING & <br> DEBRA STARLING, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 1:06-cv-00971 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE**

The United States submits this memorandum to address three points raised by plaintiffs in their opposition to the motion to dismiss and to respond to plaintiffs' motion to bifurcate. The United States otherwise relies on its motion to dismiss.

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS1/

Plaintiffs assert that the United States' motion to dismiss should be denied because (1) the exhaustion requirement is non-jurisdictional and (2) a "recognized exception to exhaustion requirement should be held applicable[.]"2/ As demonstrated below, both assertions are insufficient to defeat the United States' motion to dismiss.

---

1/ Plaintiffs also assert that the motion should be treated as a motion for summary judgment because the motion to dismiss raises issues outside the complaint. (Pl. Opp. at 1-3.) Plaintiffs are incorrect and their request should be denied.

2/ Plaintiffs also assert that service of process was sufficient, thus "dismissal on grounds of insufficiency of service should be denied." (Pl. Opp. at 8-9.) The United States did not seek to dismiss the complaint for insufficient service of process. (*See* Mot. to Dismiss *generally*.)

Plaintiffs cite to Judge Bates' decision in *Masterson v. United States*, 2006 WL 1102802 (D.D.C. 2006), and *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), for the proposition that the exhaustion requirement is non-jurisdictional.3/ (Pl. Opp. at 3-6.) This argument fails to defeat the United States' motion to dismiss for four reasons. First, this court is not bound by Judge Bates' decision. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in

---

3/ The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. As previously asserted, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006) (Huvelle); *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle); *Holt v. Davidson*, 2006 US Dist. LEXIS 51827 (D.D.C. 2006) (Urbina); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).

Third, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiff failed to assert that he complied with the administrative requirements necessary to obtain damages for wrongful collection.

And last, even though Judge Bates held that section 7433's exhaustion requirement is not jurisdictional, he nevertheless dismissed the cases for failure to state

a claim.4/

Next, plaintiffs argue that the "agency bias" exception to the exhaustion requirement should be applicable to their case. (Pl. Opp. at 6-8.) Plaintiffs are incorrect. "If exhaustion is a statutory mandate, however, then courts may not carve out exceptions that are unsupported by the statutory text." *Evans v. United States*, 433 F.Supp.2d 17, 21 (D.D.C. 2006) (Bates); *see Davenport v. United States*, 2006 U.S. Dist. LEXIS 71045 (D.D.C. 2006) (Leon). Because exhaustion of administrative remedies is a statutory mandate, the Court cannot provide an exception.5/

OPPOSITION TO PLAINTIFFS' ALTERNATIVE MOTION TO BIFURCATE

Assuming the Court denies their request to treat the motion as a motion for summary judgment, plaintiffs ask the Court to bifurcate the case. (Pl. Opp. at 9-16.) First, plaintiffs seek to address the exhaustion argument and whether they have met a

---

4/ Plaintiff asserts that the United States "attempts to convert the instant damages action into a refund action brought nor intended. (*sic*)" (Pl. Opp. at 6.) Presumably, plaintiff is now abandoning his claim for a refund.

5/ Assuming *arguendo* that the Court may carve out an exception, plaintiffs failed to demonstrate that waiver is appropriate. In a similar case, the court found that, assuming the exhaustion requirement were "non-jurisdictional," plaintiffs failed to meet the high standards necessary to demonstrate that waiver is appropriate. *See Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 9-12 (D.D.C. 2006). Plaintiffs fail to assert that they attempted compliance with the regulation by submitting a valid administrative claim, thus the IRS has not articulated a clear position that it will not consider any administrative claim for damages. Moreover, plaintiffs failed to demonstrate that their "interest[] in immediate judicial review outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that their "administrative remedy is 'inadequate'." *See, e.g.*, *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 12.

"bias exception" to the exhaustion requirement. Second, plaintiffs would have the Court address liability. If the waiver requirement is jurisdictional, then plaintiffs cannot argue the "bias exception." If the waiver requirement is non-jurisdictional, plaintiffs still must assert that they filed an administrative claim for damages, because without the claim, the Court may not award plaintiff damages. 26 U.S.C. § 7433(d)(1). Thus, there is no need to bifurcate the case as contemplated by plaintiffs.

## CONCLUSION

For the foregoing reasons and the reasons asserted in the United States' motion to dismiss, the United States asks the Court to deny plaintiffs' motion to bifurcate and dismiss the case.

DATE: October 10, 2006.    Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE was caused to be served upon plaintiffs *pro se* on the 10th day of October, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>JOHN STARLING
>DEBRA STARLING
>*Plaintiffs Pro Se*
>944 Battlefield Dr.
>Nashville, TN 37204

                                           /s/ Jennifer L. Vozne
                                           JENNIFER L. VOZNE